UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Wayne Carlson,

    Plaintiff,

v.                                                                                    Civil No. 12-644 (JNE/JJK)
                                                                                                  ORDER

Minnesota Department of Employment and
Economic Development; Commissioner
Katie Clark Sieben,[1] in Official Capacity;
and Minnesota Governor Mark Dayton, in
Official Capacity,

    Defendants.

In December 2012, the Court adopted a Report and Recommendation, granted Defendants' motion for judgment on the pleadings, denied Plaintiff's motion for a temporary restraining order, and dismissed the case. Plaintiff appealed, and the United States Court of Appeals for the Eighth Circuit affirmed. Plaintiff petitioned for a writ of certiorari. The United States Supreme Court granted the petition, vacated the judgment of the court of appeals, and remanded the case to the court of appeals for further consideration in light of *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013). In turn, the Eighth Circuit vacated this Court's judgment and remanded the case for further consideration in light of *Sprint Communications*.

The Court granted the parties an opportunity to submit memoranda of law. Plaintiff did not submit one; Defendants did. Defendants asserted that the "rationale for applying *Younger* abstention to [Plaintiff's] claims for injunctive relief was undermined

---

[1]    Katie Clark Sieben is substituted as a defendant. *See* Fed. R. Civ. P. 25(d).

1

by . . . *Sprint Communications*," that the Court's "independent conclusion that [Plaintiff's] claims should be dismissed based on the doctrine of res judicata is unaffected because the doctrine has no logical connection to abstention or the issues decided in *Sprint Communications*," and that the "dismissal of [Plaintiff's] damages claims pursuant to the Eleventh Amendment is also unaffected by *Sprint Communications*."

*Younger* abstention applies in exceptional circumstances in three types of proceedings: "First, *Younger* precluded federal intrusion into ongoing state criminal prosecutions. Second, certain 'civil enforcement proceedings' warranted abstention. Finally, federal courts refrained from interfering with pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns*, 134 S. Ct. at 591 (alteration in original) (citations omitted). On remand, Defendants did not assert *Younger* abstention. It does not apply. Nevertheless, for the reasons set forth in the Report and Recommendation, Plaintiff's claims are subject to dismissal based on res judicata and the Eleventh Amendment. The Court dismisses the action with prejudice.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 14, 2014

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge