UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Wayne Carlson,

    Plaintiff,

v().                                                                  Civil No. 12-644 (JNE/JJK)
                                                                                                       ORDER

Minnesota Department of Employment and
Economic Development; Commissioner
Katie Clark Sieben, in Official Capacity;
and Minnesota Governor Mark Dayton, in
Official Capacity,

    Defendants.

    In December 2012, the Court adopted a Report and Recommendation, granted Defendants' motion for judgment on the pleadings, denied Plaintiff's motion for a temporary restraining order, and dismissed the case. Plaintiff appealed, and the United States Court of Appeals for the Eighth Circuit affirmed. Plaintiff petitioned for a writ of certiorari. The United States Supreme Court granted the petition, vacated the judgment of the court of appeals, and remanded the case to the court of appeals for further consideration in light of *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013). In turn, the Eighth Circuit vacated this Court's judgment and remanded the case for further consideration in light of *Sprint Communications*.

    The Court granted the parties an opportunity to submit memoranda of law. Plaintiff did not submit one; Defendants did. Defendants asserted that the "rationale for applying *Younger* abstention to [Plaintiff's] claims for injunctive relief was undermined by . . . *Sprint Communications*," that the Court's "independent conclusion that

1

[Plaintiff's] claims should be dismissed based on the doctrine of res judicata is unaffected because the doctrine has no logical connection to abstention or the issues decided in *Sprint Communications*," and that the "dismissal of [Plaintiff's] damages claims pursuant to the Eleventh Amendment is also unaffected by *Sprint Communications*."  Concluding that *Younger* abstention does not apply and that Plaintiff's claims are subject to dismissal based on res judicata and the Eleventh Amendment, the Court dismissed the action with prejudice.  The case is before the Court on Plaintiff's Post-Judgment Motion, on Remand, for New Trial, to Alter and Amend Judgment, and Relief from Judgment and Order.  Defendants opposed the motion.

"The court may, on motion, grant a new trial on all or some of the issues" after a jury trial or after a nonjury trial.  Fed. R. Civ. P. 59(a)(1).  The Court did not dismiss Plaintiff's claims after a trial.  To the extent Plaintiff moved for a new trial, the Court denies his motion.

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal quotation marks omitted).  A Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *Id.* (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).  Plaintiff has not demonstrated any manifest errors of law or fact, and he has not presented

newly discovered evidence. To the extent Plaintiff moved for relief under Rule 59(e), the Court denies his motion.

As to Rule 60(b) of the Federal Rules of Civil Procedure, it "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999); *see Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). Plaintiff's motion restated the arguments he had previously made. He has not demonstrated exceptional circumstances that warrant relief under Rule 60(b). *See Arnold*, 238 F.3d at 998. To the extent Plaintiff moved for relief under Rule 60(b), the Court denies his motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Post-Judgment Motion, on Remand, for New Trial, to Alter and Amend Judgment, and Relief from Judgment and Order [Docket No. 68] is DENIED.

Dated: January 27, 2015

                                                                                       s/Joan N. Ericksen
                                                                                       JOAN N. ERICKSEN
                                                                                       United States District Judge